**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CLASSIC DISTRIBUTING AND BEVERAGE GROUP, INC., a California corporation;<br><br>Plaintiff,<br><br>v.<br><br>DIAGEO BEER COMPANY USA, a Delaware corporation;<br><br>Defendant. | Case No.: CV 20-6684-DMG (KSx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CLASSIC DISTRIBUTING AND BEVERAGE GROUP, INC.'S APPLICATION FOR LEAVE TO FILE CASE UNDER SEAL [3]** |

Upon consideration of Plaintiff Classic Distributing and Beverage Group, Inc.'s ("Classic") Application for Leave to File Case Under Seal, the Court finds that compelling reasons exist to overcome the presumption of public access to court records as to Classic's Complaint, but not to the entire case. Classic seeks to seal only the portions of its Complaint that make reference to two contracts, which each contain sensitive business information and a confidentiality provision. The disclosure of this information would result in Classic's breach of the confidentiality provisions and would cause irreparable commercial and competitive harm to Classic. *See* Slater Decl. at ¶¶ 3-5 [Doc. # 4]. Classic has therefore provided articulable facts to support a compelling reason to seal portions of its Complaint. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006). Classic has not provided facts, however, to support the sealing of the entire case. Nor has it abided by the Local Rules governing a request to seal the entire case. *See* C.D. Cal. L.R. 79-5.2.1(a)(ii).

Accordingly, and for good cause shown, Plaintiff's Application for Leave to File Case Under Seal is **GRANTED in part** as to the Complaint and **DENIED in part** as to sealing the entire case, without prejudice to another application by Classic to seal the case. Pursuant to Local Rule 79-5.2.2, the unredacted version of Classic's Complaint shall be filed under seal. [Doc. # 2.]

**IT IS SO ORDERED.**

DATE: July 31, 2020

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

-1-